IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

JIN SUK KIM                                                                    Case No. 10-18008-PM
      Debtor                                                                    Chapter 11

FEDERAL NATIONAL MORTGAE
ASSOCIATION

      Movant,

v.

JIN SUK KIM

      Respondent.

### OBJECTION TO MOTION TO PROHIBIT USE OF CASH COLLATERAL

Jin Suk Kim, by its undersigned counsel, objects to the motion to prohibit the use of cash collateral for the following reasons:

1. This Court has jurisdiction to consider and determine this motion pursuant to 28 U.S.C. §1334.  This is a core proceeding pursuant to 28 U.S.C. 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On July 2, 2010, the movant filed a motion to prohibit use of cash collateral

3. The hearing on the motion was scheduled for July 14, 2010, but was rescheduled to be heard on July 21, 2010 due to conflict in schedule.

4. The debtor has filed her first Monthly Income Statement on July 15, 2010 as required by the court.

5. The debtor currently receives approximately $5000.00 per month from (10) different tenants from the properties in question.

6. The $5000.00 per month income is the total income from all properties of the debtor. Debtor has no other source of income.

7. The debtor does not pay herself wages or commission from the rental income of the property secured by the movant.

8. Debtor uses the income from the property to pay for utilities, taxes, insurance and repair costs associated with property and does not use the income for any other reason.

9. Prohibiting the use of the income collected by the debtor would cause debtor to stop all services to the current tenants.

10. Debtor has contractual liability to service her tenants of the property, and halting such service would result in default of such contracts.

11. Upon default of the contracts, the tenants would not be liable to pay any rent on their leases, resulting in zero cash flow for the debtor and the movant.

12. Debtor is working with investment groups and lenders to obtain money to partially pay the mortgage on all properties and also to repair/renovate empty units.

13. Upon renovation of the empty unit, debtor is confident that her properties would be leased to full capacity through Section 8 program.

Wherefore, the debtor by counsel, request the honorable Court to deny the motion to prohibit the use of cash collateral by the movant.

By: /s/ John Shin____
Of Counsel

John Shin, Esquire
Shin Law Group
7702 Leesburg Pike, T400
Falls Church, VA  22043
571-405-6540
571-405-6543 fax
Counsel for Debtor

I certify that on this 15th of July 2010, a copy of the foregoing Objection of the Debtor was served electronically through the CM/ECF system on all parties on the Mail Notice List for this case and by first class mail postage prepaid.

                                                     /s/  John Shin

Jordan B. Segal, Esq.
MORRIS/HARDWICK/SCHNEIDER
9409 Philadelphia Rd.
Baltimore, Maryland 21237
410-284-9600

Jennifer Jacobs, Analyst
Lee Barnhill, Attorney
Office of the U.S. Trustee
6305 Ivy Lane, Ste 600
Greenbelt, MD 20770
301-344-8110
301-344-8431